IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>EMMA SMITH,<br><br>                Petitioner,<br><br>v.<br><br>MARY SIGLER, Warden, Dwight<br>Correctional Center,<br><br>                Respondent. | Case No. 05 C 4170<br><br>Wayne R. Andersen<br>District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the respondent's motion to dismiss the Petitioner's Petition for Writ of Habeas Corpus as time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A). For the following reasons, respondent's motion is granted.

### I. BACKGROUND

On August 29, 1995, a jury convicted Petitioner, Emma Smith, of murder and attempted armed robbery in the Circuit Court of Cook County and the court sentenced her to 90 years imprisonment. Petitioner appealed to the Illinois Appellate Court, First District, which affirmed her conviction for murder and vacated her conviction for attempted armed robbery because it is a lesser included offense of murder. Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on April 1, 1998.

Petitioner also filed a post-conviction petition in the Circuit Court of Cook County on September 3, 1998, which was denied on October 1, 1998. She appealed that decision and, on September 2, 1999, the Appellate Court of Illinois, First District, affirmed the trial court's

decision. On August 29, 2000, Petitioner filed a second post conviction petition with the Circuit Court of Cook County, which was dismissed on October 31, 2000. On May 29, 2002, the Illinois Appellate Court affirmed the circuit court's dismissal of Petitioner's second post-conviction petition. The Illinois Supreme Court denied Petitioner's petition for leave to appeal on October 7, 2003. On January 5, 2004, Petitioner filed a writ of certiorari in the Supreme Court of the United States, which was denied on February 23, 2004.

Petitioner then filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 on July 11, 2005. The issue before this Court is whether the petition for writ of habeas corpus should be dismissed as time-barred pursuant to the one-year period of limitation under 28 U.S.C. § 2244(d)(1).

## II. STANDARD OF LAW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation applies to applications for habeas corpus review. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment of conviction becomes final when the U.S. Supreme Court affirms a conviction, denies a petition for a writ of certiorari or when the time for filing a

certiorari petition expires. *See Robinson v. U.S.*, 416 F.3d 645, 648 (7th Cir. 2005). The AEDPA provides that the time during which a "properly filed" application for post-conviction relief is pending shall not be counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2). To be properly filed, an application for collateral review must satisfy the state's timeliness requirements. *Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002). "An untimely petition is not properly filed even if the court also addresses the merits." *Brooks*, 301 F.3d at 841.

The period of limitation is also subject to equitable tolling. *See Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir.1999). Equitable tolling, however, is granted sparingly and only when "extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000). It is appropriate only when "a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002).

### III. DISCUSSION

A. Final Judgment Date

As an initial matter, this Court must determine when Petitioner's conviction became final on direct appeal. Although Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court after her petition for leave to appeal to the Illinois Supreme Court on direct review was denied, she is entitled to add the 90-day period during which she could have done so to the limitations period. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). The petition for leave to appeal to the Illinois Supreme Court was denied on April 1, 1998. Ninety

3

days later is June 30, 1998. Thus, the AEDPA one-year statute of limitations clock began to run on June 30, 1998.

B. First Post-Conviction Petition

Petitioner filed her first petition for post-conviction relief on September 3, 1998. A properly filed post-conviction petition tolls the statute of limitations as long as that action is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). The petition must be timely for it to be properly filed. *See Brooks*, 301 F.3d at 841.

It is unclear from the record whether the state courts dismissed the petition as untimely or solely on a meritorious basis. The Illinois Appellate Court affirmed the trial court's decision to dismiss the petition and granted the public defender's motion to withdraw on the grounds that it agreed with counsel's evaluation that the petition was untimely. However, the trial court made no mention of timeliness and instead dismissed the petition as "frivolous and patently without merit." Regardless, whether Petitioner timely filed her first post-conviction petition or not has no bearing on the outcome of the instant case.

If the Petitioner's first post-conviction petition was untimely, then the statute of limitations was not tolled during the post-conviction proceedings because untimely petitions are not considered to be "properly filed" under the AEDPA. *See Brooks*, 301 F.3d at 841. Thus, the statute of limitations clock began running on June 30, 1998 until its expiration one year later on June 30, 1999. Under this analysis, this habeas petition is time-barred because Petitioner filed it on July 11, 2005, six years after the statute of limitations expired.

Even if the first post-conviction petition had been timely filed and did toll the statute of limitations, the habeas petition before this Court is still time-barred. Between the conclusion of

Petitioner's direct appeal proceedings on June 30, 1998 and the filing of her first post-conviction petition on September 3, 1998, there were 58 days during which the statute of limitations clock ran. 28 U.S.C. § 2244(d)(2); *see also Fernandez v. Sternes*, 227 F.3d 977, 979-80 (7th Cir. 2000); *Tate v. Pierson*, 177 F. Supp. 2d 792, 799 (N.D.Ill. 2001). If Petitioner timely filed the first post-conviction petition, then the statute of limitations clock stopped running from September 3, 1998 until September 23, 1999, twenty-one days after the Illinois Appellate Court affirmed the dismissal of the first postconviction petition, during which period Petitioner could have filed a petition for leave to appeal to the Illinois Supreme Court, pursuant to Illinois Supreme Court rule 315. *See U.S. v. Bowen*, 2005 U.S. Dist. LEXIS 18243 (N.D.Ill. 2005); *Gutierrez v. Schomig*, 233 F.3d 490, 491-492 (7th Cir. 2000) ("tolling does not occur during the period in which a petition for certiorari could have been filed, but was not").

The statute of limitations clock then ran for at least an additional 340 days, from September 23, 1999 to August 29, 2000, when Petitioner filed her second post-conviction petition. At this point the clock had run for a total of 398 days, exceeding the one-year statute of limitations by 33 days. Thus, even if Petitioner timely filed her first postconviction petition, the statute of limitations clock expired several years prior to the filing of the habeas petition that is before this Court.

C.  Second Post-Conviction Petition

Even if the statute of limitations clock did not start running until the conclusion of the first post-conviction proceedings, on September 23, 1999, the instant habeas petition is still time-barred. We believe the second post-conviction petition did not stop the statute of limitations clock because the state courts dismissed it as untimely, and therefore it was not "properly filed."

5

28 U.S.C. § 2244(d)(2); *Brooks*, 301 F.3d at 841. Thus, the statute of limitations clock ran out on September 23, 2000 and this habeas petition was not filed until July 11, 2005, well beyond the limitations period. Moreover, even if the second post-conviction petition had been timely filed, Petitioner's habeas petition is still time barred. Petitioner filed the second post-conviction petition on August 29, 2000. The second post-conviction petition proceedings ended on February 23, 2004 when the United States Supreme Court denied Petitioner's writ of certiorari. Even if we disregard the days the clock ran prior to the filing of the second post-conviction petition and assume for the moment that it started running on February 23, 2004, it still expired on February 23, 2005, which is five months before Petitioner filed the instant habeas petition. Thus, the habeas petition before this Court is time-barred even if the first and second post-conviction petitions tolled the statute of limitations.

D. Equitable Tolling

Petitioner contends that she is entitled to equitable tolling because the Supreme Court of the United States failed to notify her that a decision had been made regarding her petition for a writ of certiorari. Seventh Circuit decisions dictate that equitable tolling is rarely applicable. It has not been appropriate for cases involving attorney neglect or incapacity, *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003), lack of legal knowledge, *Montenegro v. U.S.*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds*, unclear law, *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000), or prisoners' inability to gain access to trial transcripts, *Lloyd v. VanNatta*, 296 F.3d 630, 633-34 (7th Cir. 2002). In each of these situations, the Seventh Circuit has determined that the kind of "extraordinary circumstances" that justify equitable tolling is not present. Rather, the equitable tolling doctrine is appropriate only when "a petitioner could not,

despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Wilson*, 302 F.3d at 748.

In the instant case, a simple inquiry was sufficient to discover that the Supreme Court denied Petitioner's writ of certiorari, as Petitioner discovered when she wrote to the Supreme Court in March 2005. Petitioner failed to exercise reasonable diligence by waiting 14 months from the time she filed her writ before contacting the Supreme Court. These facts do not constitute "extraordinary circumstances far beyond the litigant's control," as required for a grant of equitable tolling. *See United States v. Marcello*, 212 F.3d at 1010.

## CONCLUSION

Because Petitioner filed her petition for writ of habeas corpus on July 11, 2005, and this date was more than one year from the date her criminal conviction became final, the habeas petition is dismissed as time-barred. Respondent's motion to dismiss Petitioner's habeas corpus petitions as time-barred (#14) is hereby granted.

This is a final and appealable order.

Wayne R. Andersen
United States District Judge

Dated: April 10, 2006